## Michler v. Jones & Laughlin Steel Co., Appellant.

*Negligence—Master and servant—Incompetent workmen—Death.*

In an action against a steel company to recover damages for death of plaintiff's husband, the case is for the jury, and a judgment on a verdict for plaintiff will be sustained where the evidence tends to show that the deceased while working at a crane in the defendant's plant was struck by a circular plate weighing two tons which was lifted in the air, and so negligently handled as to swing against him and fatally injure him, and that the negligent handling of the crane was by an incompetent workman.

Argued April 16, 1918.  Appeal, No. 49, April T., 1918, by defendant, from judgment of C. P. Beaver Co., March T., 1915, No. 310, on verdict for plaintiff in case of Marie Michler v. Jones & Laughlin Steel Company.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Trespass to recover damages for the death of plaintiff's husband.  Before BALDWIN, P. J.

Verdict and judgment for plaintiff for $775.  Defendant appealed.

430 MICHLER *v.* JONES & L. STEEL CO., Appellant.

*Error assigned,* amongst others, was in refusing judgment for defendant n. o. v.

*J. F. Reed,* of *Reed & Reed,* for appellant.

*Richard Holt,* of *Holt, Holt & Richardson,* for ap-

OPINION BY TREXLER, J., October 30, 1918:

Plaintiff alleges that a circular plate weighing two tons was lifted in the air and so negligently handled as to swing against the decedent and fatally injure him. The testimony of the only eye witness was that decedent had ordered the craneman to hoist the plate a little. If the crane raised the plate perpendicularly and the lateral motion was merely incident to the act, there was no negligence. If, however, the lateral movement which caused the death was occasioned by an independent act of the craneman, that was sufficient to carry the case to the jury. There was sufficient in the case to warrant the conclusion that there was a double movement of the crane and under the circumstances if this occurred without warning, it would support an inference of negligence. There was evidence that the man handling the crane was an incompetent workman.

As stated in plaintiff's declaration, the gist of the action was the negligent handling of the crane by an incompetent workman. The proof at the trial as to how the crane was handled did not exactly agree with the allegation of the declaration. The change, however, did not affect defendant's defense nor did it change the basis of the action. We therefore do not think that the exception taken that the allegata and probata did not agree has any merit.

All the assignments of error are overruled and the judgment is affirmed.